Brown *v.* Knower *et al.*

DAVID J. BAKER, for the appellant.

L. DAVIS and F. FORMAN, for the appellee.

---

NATHANIEL J. BROWN, impleaded with GEORGE B. FIELD, plaintiff in error *v.* JOHN KNOWER and BENJAMIN KNOWER, defendants in error.

*Error to the Municipal Court of the City of Chicago.*

Where there are several endorsers or assignors of a note, who endorse the same consecutively, the liability of each is several and not joint.

The liability of an assignor of a note, under the statute of this State, is contingent ;

2N

and the holder is required to show due diligence to obtain payment from the maker, before he can resort to the assignor.

JUDGMENT was rendered in this cause for the defendants in error, by default, for $153,37 and costs, at the April term, 1838, of the Municipal Court of the City of Chicago.

J. BUTTERFIELD, for the plaintiff in error:

1. When defendants endorse a note consecutively, they cannot be sued thereon jointly.    3 Peters 477.

2. Where there is judgment by default, upon a promissory note, and the money counts are in the declaration, it is error to have the damages assessed by the clerk, without entering a *nolle prosequi* to the common counts.    6 Cowen 40.

I. N. ARNOLD, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* on a promissory note, by the holder against the defendants, as assignors, who are sued jointly. The declaration shows the defendants assigned the note separately, in their individual names, and not jointly.

Judgment having been entered against Brown, Field not having been served with process, the question is now made, whether the action can be sustained against Brown, in its present form. There can be no doubt that the liability of each is several, and not joint.    The action, in its present form, has been misconceived. The liability of the assignor of a note, under our statute, making promissory notes assignable, is contingent; and the holder is required to show due diligence to obtain payment from the maker, before he can resort to the endorser, or more properly, the assignor.

The judgment is erroneous as to Brown, not merely because the declaration has omitted to aver due diligence to obtain payment of the maker; but more especially so, because of a misjoinder of defendants in the action.

The judgment is reversed with costs.

*Judgment reversed.*

*Note.* See Humphreys *v.* Collier *et al. Ante* 47.